(22 Misc. Rep. 557.)

## MASON v. TIETIG.

(City Court of New York, General Term.   February 14, 1898.)

APPEAL—REMAND FOR RESETTLEMENT.
Where it is made to appear to the justice, at special term of the city court, that a case on appeal was not properly settled, he may send it back to the trial justice to be resettled, if the latter deem it proper to do so, but he has no power to direct the trial justice to resettle it in a particular manner.

Appeal from special term.

Action by Frederick T. Nason against Frederick Tietig.   From an order directing the trial justice to resettle case, plaintiff appeals. Modified.

Argued before FITZSIMONS, C. J., and CONLAN, J.

C. H. & J. A. Young and J. A. Terry, for appellant.

James S. Lehmaier, for respondent.

PER CURIAM.   The order appealed from must be modified.   It directs the trial justice to resettle the case on appeal in a particular manner.   In so doing the special term justice exceeded his powers. If it appeared to him that the case on appeal was not properly settled, it was within his power to order that it be sent back to the trial justice to resettle the same, if the trial justice deemed it proper to do so.   The order appealed from goes further than that, and directs a resettlement in certain particulars.

It must be modified so as to conform to our view, and, as so modified, is affirmed, without costs.

———————————

(22 Misc. Rep. 514.)

## McGILL v. HOLMES, BOOTH & HAYDEN.

(City Court of New York, General Term.   February 23, 1898.)

PLEADING—AMENDMENT.
The defendant's amended answer admitted the plaintiff's claim, and attempted to allege an equitable set-off, and when this had been disallowed by the referee to whom the issues had been sent for determination, and just before the trial had closed, defendant moved for leave to serve a further amended answer, denying the material allegations of the complaint, and setting up a large counterclaim, thus raising entirely new and different issues. Held, that the motion was properly denied, and that defendant should be left to bring an independent action on his counterclaim.

Appeal from trial term.

Action by George W. McGill against Holmes, Booth & Hayden. From an order refusing leave to amend answer, defendant appeals. Affirmed.

Argued before FITZSIMONS, C. J., and CONLAN, J.

Ward, Hayden & Satterlee, for appellant.

Atwater & Cruikshank, for respondent.

FITZSIMONS, C. J.   The order appealed from must be affirmed. The issues framed by the complaint and amended answer admitted

plaintiff's claim. The answer further attempted to allege an equitable set-off sufficient in amount to defeat the plaintiff's claim. Such set-off was properly disallowed by the referee, to whom the issues herein were sent for determination. Now, defendants seek to amend their amended answer by alleging a counterclaim for nearly $12,000, and, in addition, deny the material allegations in the plaintiff's complaint. It must be, therefore, apparent that the proposed supplemental and amended answer actually proposed to make entirely new issues, and ones entirely different to the issues framed by the complaint and the amended answer. The plaintiff's claim is denied in the last proposed answer. In the amended answer such claim was admitted, and, besides, in addition, a very large counterclaim is alleged,—something not attempted in the amended answer. These very radical amendments defendants sought to have allowed to them just about the closing of the trial before the referee. The referee properly denied their application; likewise the special term justice, when the matter was presented to him. If he had granted the motion, the trial would have rendered all the proceedings taken before the referee of no effect. The trial would have to be commenced all over again. Plaintiff would have had cast upon his shoulders the burden of proving his case, and the defendants allowed to prove their counterclaim, and disprove the plaintiff's claim. Under these circumstances, we think that the order appealed from was properly made. The defendants should not at this late hour be permitted to introduce their said counterclaims, but should sue upon the same in the usual way.

The order appealed from is affirmed, with costs.

CONLAN, J., concurs.